THE PEOPLE EX REL. J. H. MAUPIN, ATTORNEY GENE-
RAL, PETITIONERS, v. JOHN C. KEEGAN, RESPONDENT.

1. ATTORNEYS—TENURE OF OFFICE.
A good moral character is one of the essential requisites to admission
    to the bar of this state, and the tenure of office thereby conferred is
    during good behavior.
2. DISBARMENT.
When an attorney has by his conduct shown himself unworthy of his
    office, it becomes the duty of the court to revoke the authority it
    gave him upon his admission.

*Original proceeding for disbarment.*

THIS proceeding was instituted on June 23, 1892, by the
attorney general in behalf of the people, to procure the dis-
barment of the respondent for malconduct in his office as a
duly licensed attorney and counselor at law. The relator
alleges two grounds upon which such malconduct is predi-
cated.

The first charges that respondent, on the 29th day of
December, 1887, fraudulently conspired with Julius Crane
and A. F. Parrier to cheat and defraud one William Berg-
man; that in pursuance of such conspiracy they procured
said Bergman, without any consideration therefor, to execute
his promissory note for $1,790, payable to Fanny Crane; that
on the 29th day of December, 1887, the respondent, in pur-
suance of such fraudulent conspiracy, filed a complaint there-
on in the county court of Arapahoe county; persuaded said
Bergman to acknowledge service of summons, and to sign
and file an answer to such complaint prepared by respondent,
and procured judgment on the pleadings and issued execution
thereon, with knowledge that the note was without consider-
ation and the judgment so obtained null and void; that on
the 24th day of January, 1888, respondent was indicted in
the district court of Arapahoe county for such conspiracy,
and on the 23d day of January, 1892, was tried and convicted

upon said indictment and sentenced to be confined in the
county jail of Arapahoe county, at hard labor, for a term of
three months and to pay a fine of $500. Respondent sued
out a writ of error from the court of appeals, but a super-
sedeas being denied, he allowed the writ to be dismissed by
failure to prosecute, and served out the sentence.

As a second and further ground of disbarment, relator sets
forth certain proceedings in the United States circuit court,
sitting in and for the eighth circuit, that resulted in the dis-
barment of respondent from practice in that court.

Upon rule to show cause.

Respondent admits that he was convicted as in the first
ground alleged ; denies that he was guilty of the offense for
which he was convicted, and avers that such conviction was
illegal and occurred through his inability to present his de-
fense fully ; denies the truth of the alleged facts upon which
he was disbarred in the United States circuit court.

Mr. J. H. MAUPIN, attorney general, for petitioners.

Mr. C. H. ROBINSON, for respondent, and JOHN C. KEE-
GAN, *pro se.*

PER CURIAM. The conviction alleged and admitted might
be properly held as *res judicata* of the truth of the facts set
forth in the first cause relied on as ground for disbarment.
But in view of the fact that respondent has served his sen-
tence thereunder, and realizing the disastrous consequences
to him that must necessarily follow from an adverse judgment
that will deprive him of his means of livelihood, we have, at
counsel's earnest solicitation, concluded to look beyond such
conviction, and, from a careful investigation of the evidence
introduced on the trial in the district court, determine if the
facts alleged are fully sustained thereby.

We are satisfied from such investigation that if any doubt
can be entertained of his complicity in the concoction of the
scheme, no doubt exists as to his procuring the judgment
with the knowledge that a fraud was being attempted, and

that he procured it for the purpose of assisting Crane to defraud Bergman or to aid them in defrauding Bergman's creditors. From a letter to C. D. Fornes & Co., a client for whom he held a collection against' Bergman, dated December 28, 1887, (the day previous to his active participation in the scheme,) it appears that he was aware of the fact that Bergman had consulted Crane as to playing " a smart trick on his creditors."

Without noticing in detail the evidence furnished by the record, it is conclusively shown thereby that the respondent was guilty of conduct highly reprehensible and grossly unprofessional, and that justly brings reproach upon the honorable profession to which he belongs.

The duties imposed upon members of the bar clothe them with important fiduciary responsibilities and make them amenable to obligations that other members of the community do not share. In no other calling should so strict an adherence to ethical and moral obligations be exacted, or so high a degree of accountability be enforced.

A good moral character is one of the essential requisites to admission to the bar in this state, and the tenure of office thereby conferred is during good behavior; and when it appears, upon full investigation, that an attorney has forfeited his " good moral character," and has by his conduct shown himself unworthy of his office, it becomes the duty of the court to revoke the authority it gave him upon his admission. " It is a duty they owe to themselves, the bar and the public, to see that a power which may be wielded for good or for evil is not intrusted to incompetent or dishonest hands : " *Mills Case*, 1 Mann, 393.

Without determining what weight should be given to the fact of his disbarment in the United States circuit court, we find the facts alleged in the first ground fully sustained, and respondent guilty as therein charged.

The judgment of the court is, that the name of the respondent, John C. Keegan, be stricken from the roll of attorneys.

*Rule made absolute.*