[No. 4195.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION V.
MICHAEL B. WALDRON.

ATTORNEYS AT LAW—DISBARMENT—MISAPPROPRIATION OF MONEY.

In a disbarment proceeding against an attorney at law for appropriating to his own use money received to be loaned for the benefit of his client, the youth and inexperience of respondent is no defense. Neither is it a defense that since the wrong was done he has repaid to his client the larger part of the deficit.

*Original Proceeding in Disbarment.*

Mr. D. M. CAMPBELL attorney general, Mr. CALVIN E. REED assistant attorney general, and Mr. GEORGE Z. DIMMITT for petitioner.

Mr. C. H. PIERCE for respondent.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The information, filed by the attorney general at the instance of The Colorado Bar Association, charges the respondent, an attorney of this court, with several acts of professional misconduct for which his disbarment is asked.

As to the second cause of complaint therein set forth, we are inclined to the view that it is not established by that clear and satisfactory proof which should be required in case of this kind. We shall, therefore, ignore it.

In the first cause of complaint the respondent is charged with having appropriated to his own use about $350 left with him by a client to be loaned for the benefit of the latter. The testimony concerning some of the minor features is conflicting; but the respondent himself admits the misappropriation of at least $40 or $50 of this money; and there is strong testimony that this amount is not the extent of the conversion.

By way of extenuation or mitigation respondent pleads his inexperience and youth at the time this unfortunate transaction occurred, and that since the wrong was done, he has repaid to his client the larger part of the deficit, but when the testimony was being taken not all had been repaid. He had then been admitted to the bar only a few weeks, and was twenty-three years of age. For some purposes such considerations might have some weight, but not in a disbarment proceeding under our statute. A lawyer should be actuated by the most delicate sense of honor, and in his dealings with clients his professional obligations should be scrupulously observed. Even an inexperienced person, at the time of admission as a member of the legal profession, ought to know that it is wrong to appropriate to his own use money belonging to others.

We shall not discuss in detail the voluminous testimony, for respondent's own admission relieves us of the necessity of passing upon any questions of conflict in the evidence.

The necessity of purifying the profession by eliminating unworthy members, and enforceing a strict rule to which members of the bar must conform, as well as our duty to protect the public against officers of this court in whom they have a right to rely, and with whom they must confide great interests,—leaves us nothing to do but to strike from the rolls of this court the name of respondent as an attorney. The rule to show cause, heretofore granted, is therefore made absolute, and the proper order carrying out this judgment is hereby entered.