[No. 4147.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION v. A. W. SINDLINGER.

</div>

ATTORNEYS AT LAW—DISBARMENT.

For obtaining money under false pretenses; taking advantage of those who employed him in his professional capacity to defraud them of money which came into his hands by virtue of such employment; and making misrepresentations to a client for the purpose of inducing him to advance money which he appropriated to his own use, the respondent is disbarred.

<div align="center">

*Original Proceeding in Disbarment.*

</div>

Mr. D. M. CAMPBELL, attorney general, Mr. CALVIN E. REED, assistant attorney general, and Mr. CHARLES W. EVERETT for petitioner.

Mr. A. W. SINDLINGER, *pro se.*

*Per Curiam.*—Respondent is an attorney at law, duly admitted to practice in this state. The object of this proceeding is to disbar him. The information upon which it is based consists of five specifications, which are, in substance, as follows:

1. That in June, 1897, he presented to one John Easter a check on the Victor Banking Company, purporting to be

drawn by J. M. Miles, which he induced Easter to cash; that the check was made out by respondent, was fictitious and drawn for the purpose of fraudulently obtaining money thereon; and that Miles had no account with the bank upon which it was drawn, nor did such person ever reside or do business in the town in which the bank is located.

2. That in March, 1898, respondent assumed to represent one E. J. Hoffmire in a cause pending in the county court of El Paso county, in which she was plaintiff, and one J. G. Barnard was defendant, which cause had been appealed by the latter from a judgment rendered against him in favor of plaintiff, before a justice of the peace; that he had no such authority, but induced the defendant to settle the cause for the sum of $35.00, which sum he received, and dismissed the action, but he has never accounted to Mrs. Hoffmire for the money so collected.

3. That in the Spring of 1897, respondent was employed by one Nicholas Moliter to collect an account against C. W. King; that thereafter he represented to his client that he had secured the account by note and trust deed; that such papers were in the possession of George C. Manley, who refused to surrender them until he had been paid the sum of fifteen dollars; that Moliter, relying on these representations, advanced the funds to satisfy Manly's alleged claim; that such representations were wholly false, in that no note and trust deed had been executed as represented; that the alleged demand of Manly was wholly false and fictitious; and that these representations were made to Moliter for the purpose of inducing him to advance respondent the sum of fifteen dollars.

4. That in June, 1896, respondent represented to one Louis Dauth that he held a mining deed, executed by A. F. Hartman, to Henry E. Lopas, et al., to be delivered to the grantees upon payment of the sum of one hundred dollars; that a certain escrow agreement in writing had been entered

into between the parties to such deed, evidencing this arrangement, which agreement respondent offered to turn over to Dauth upon payment by the latter of the sum of five dollars; that Dauth, relying upon the representations made by respondent, paid him such sum; that such agreement was a forgery and drawn up by respondent for the purpose of cheating and defrauding Dauth, and obtaining the money from him which he did; that the deed in question had been recorded in the office of the county clerk and recorder of the county in which the property thereby conveyed was situate, several months previous to the date of the alleged escrow agreement.

5. That some time during the year 1894 one Nicholas Moliter placed in the hands of respondent for collection, a promissory note executed by one John Fanley, for the sum of $140.00; that Moliter was to receive $75.00 of the amount collected thereon, and any sum collected above that amount might be retained by respondent for fees in making such collection; that thereafter respondent demanded of Moliter the sum of $10.00 for the purpose of beginning suit upon such note, which sum he received; that he never commenced such suit, but appropriated the $10.00 to his own use, collected the full amount of such note from the maker, and appropriated the whole of it to his own use, and has never paid any part of it to Moliter, although requested by the latter to do so.

To each of these specifications respondent filed an answer, in part denying the charges, and in part pleading facts which were doubtless intended to be treated as a plea of confession and avoidance. On the issues thus made, evidence has been taken and is now submitted for our consideration.

It is unnecessary to analyze or epitomize the testimony, it being sufficient to state, generally, that the charge in each specification is clearly proven, substantially as stated. Under the laws of this state, and the rules of this court, appli-

cants for admission to the bar must be persons of good moral character. If subsequent to admission an attorney is guilty of such conduct that he no longer possesses this qualification, his name should be stricken from the rolls. The relation of attorneys to their clients and the courts demands that they be persons of integrity. If in business transactions they are guilty of fraud involving moral turpitude, they are not persons of good moral character. The conduct of respondent has not only been unprofessional, but dishonest. He has been guilty of obtaining money under false pretenses, has taken advantage of those who employed him in his professional capacity, to defraud them of money which came into his hands by virtue of such employment, and has made misrepresentations to a client for the purpose of inducing him to advance money which he has appropriated to his own use. Such conduct is reprehensible in any person, and especially so with respect to one who invites the confidence of the public, and those who employ him professionally, by reason of the fact that he holds a certificate which, under the laws of this state, authorizes him to practice as an attorney at law.

The rule on respondent heretofore issued, requiring him to show cause why he should not be disbarred, is made absolute, and it is ordered that his name be stricken from the roll containing the names of attorneys authorized to practice law in this state.