[No. 7204.]

## THE PEOPLE V. KOHN.

ATTORNEY—*Misconduct—Disbarment.*  An attorney having wrongfully converted to his own use, moneys of clients which had been deposited with him, in one instance to discharge a judgment against the client, and in others, to pay the costs of actions for which he was employed, but failed to institute, falsely reporting to the clients that the actions had been instituted, was disbarred.

*Original Proceedings in Disbarment.*

Mr. JOHN T. BARNETT, attorney general, Mr. JAMES M. BRINSON, assistant attorney general, Mr. JOSEPH D. PENDER, for petitioner.

*Per curiam.*

The proceeding is for disbarment as an attorney at law of respondent, George H. Kohn.  The petition sets forth three grounds of complaint, substantially as follows:  First. That respondent wrongfully appropriated to his own use the sum of $50 out of $100 paid to him by a client for the purpose of satisfying a certain judgment against the latter, offering as his only excuse for so doing that he had squandered the money and did not have it; Second.  That respondent agreed with his client to conduct certain litigation for the sum of $60, including court costs, which sum was accordingly paid to him, and by him kept and appropriated to his own use, falsely representing to the client that suit had been brought, whereupon it became necessary for the latter to employ another attorney at additional cost to litigate and adjust the matter; and Third.   That respondent was employed by a client to bring and conduct a suit in a Justice's court, and was paid therefor the sum of $20; that he falsely represented to the client that such suit had been brought, and when the latter, upon learning that

nothing had in fact been done in the premises, demanded return of the sum so paid, refused to return it, treating the matter lightly and in a joking manner, whereupon the client was obliged to employ other counsel at additional cost for the purposes of such litigation.

The evidence establishes the truth of the charges, showing that respondent not only deceived his clients, neglected their interests, and improperly retained money, but treated such misconduct, when brought to his attention, in a light and frivolous manner. Copies of rule to show cause, petition and information were personally served upon respondent, but he failed to appear for any purpose.

Misconduct or neglect of duty as an attorney at law is a good ground for suspension or disbarment. *People v. Waldron*, 28 Colo. 249, 64 Pac. 186. An attorney at law who receives money from a client to pay costs, in a suit which he never brought, and refused to return same on demand should be disbarred. *People v. Hays*, 28 Colo. 82, 62 Pac. 832. Upon this subject the court, in *People v. Sindlinger*, 28 Colo. 258, 64 Pac. 191, said:

"Under the laws of this state, and the rules of this court, applicants for admission to the bar must be persons of good moral character. If subsequent to admission an attorney is guilty of such conduct that he no longer possesses this qualification, his name should be stricken from the rolls. The relation of attorneys to their clients and the courts demands that they be persons of integrity."

And again, in *People v. Keegan*, 18 Colo. 237, 32 Pac. 424, 36 Am. St. 274:

"The duties imposed upon members of the bar clothe them with important fiduciary responsibilities and make them amenable to obligations that other members of the community do not share. In no other calling should so strict an adherence to ethical and moral obigations be exacted, or so high a degree of accountability be enforced.

A good moral character is one of the essential requisites to admission to the bar in this state, and the tenure of office thereby conferred is during good behavior; and when it appears, upon full investigation, that an attorney has forfeited his 'good moral character,' and has by his conduct shown himself unworthy of his office, it becomes the duty of the court to revoke the authority it gave him upon his admission. 'It is a duty they owe to themselves, the bar and the public, to see that a power which may be wielded for good or for evil is not intrusted to incompetent or dishonest hands.' *Mills Case,* 1 Mann 393."

Upon a careful examination and consideration of the record we are fully persuaded that the instant case is a proper one for application of the foregoing principles. The conduct of respondent was unprofessional and dishonest, and his name should, therefore, be stricken from the roll, and he should be disbarred and prohibited from practicing as an attorney of this court, and it is so ordered.

TELLER. J., not participating.

Decided May 3, A. D. 1915.   Rehearing denied June 7, A. D. 1915.