# IN THE MATTER OF CLAUS L. ROBERTS, AN ATTORNEY AT LAW.

## No. 1849.

TRIAL OCTOBER 2, 1928.　　　　　DECIDED OCTOBER 5, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a petition for the disbarment of the respondent who in 1919 was licensed by a circuit judge to practice law in all of the district courts of the Territory. The allegations of the petition filed by the attorney general are as follows: that ever since receiving his license the respondent has practiced law in the district courts of the Territory; that on June 2, 1927, he was appointed a special deputy sheriff of the City and County of Honolulu and

served as such continuously from said date up to and including September 30, 1927; that on or about September 1, 1927, the respondent "did knowingly, feloniously and fraudulently combine, conspire and agree" with eight persons named "to commit the crime of bribery, in violation of Section 4309 of the Revised Laws of Hawaii, 1925, that is, knowingly, feloniously and corruptly to give, promise to give, cause to be given and promise to, David L. Desha, who was then and there the duly elected and acting sheriff of the said City and County of Honolulu, and Charles S. Davis, who was then and there the duly elected and acting city and county attorney of the said City and County * * * certain lawful money of the United States of America, with intent in him, the said Claus L. Roberts, and in said other persons with whom he so conspired as aforesaid, to influence the judgment, opinion, decision and official acts" of the said Desha and Davis "in the matter of the apprehension and prosecution of certain persons unlawfully conducting and engaged in gambling and gambling games, prostitution and houses of prostitution, bootlegging and violation of the National Prohibition Act"; that on or about September 1, 1927, the respondent "did knowingly, feloniously and fraudulently combine, conspire and agree" with the same eight persons "to commit the crime of receiving a bribe, in violation of Section 4310 of the Revised Laws of Hawaii, 1925, that is, knowingly, feloniously and corruptly to cause" the said Sheriff Desha and the said City and County Attorney Davis "corruptly and feloniously to accept certain lawful money of the United States of America under an agreement and with the understanding that said" Desha and Davis "should in the exercise of their official functions and capacities as such sheriff and such city and county attorney respectively * * * fail, neglect and refuse to prosecute and cause to be prosecuted certain persons unlawfully

conducting and engaged in gambling and gambling games, bootlegging and violation of the National Prohibition Act, prostitution and houses of prostitution"; that on or about September 1, 1927, the respondent "did knowingly, feloniously and fraudulently combine, conspire and agree" with the same eight persons "to prevent, obstruct, defeat and pervert the course of justice, that is, to prevent, obstruct, defeat, pervert, hinder and delay the apprehension and prosecution of certain persons unlawfully conducting and engaged in gambling and gambling games, prostitution and houses of prostitution, bootlegging and violation of the National Prohibition Act * * * by means of collecting lawful money of the United States of America from said certain persons and paying the same, or a portion of the same, over to" the said Sheriff Desha and the said City and County Attorney Davis "for the purpose of protecting said certain persons from arrest and prosecution"; that on or about September 14, 1927, in furtherance of the aforesaid conspiracies, the respondent "did unlawfully, feloniously and fraudulently accept and receive" from one of the same eight persons "on behalf of the said David L. Desha the sum of one thousand dollars * * * in lawful money of the United States of America as an initial payment in furtherance of said conspiracies and did deliver said money to the said David L. Desha and that immediately thereafter, knowing that said money had been so unlawfully obtained," the respondent "did procure the said David L. Desha to advance and pay to him", the respondent, "the said money upon an agreement" between the said Desha and the respondent "that said money so advanced and paid" to the respondent "should be deducted" by the said David L. Desha out of the respondent's "share of other moneys that were subsequently to be collected and received as a result of the conspiracies" aforesaid; that during the month of September, 1927, the

respondent "did knowingly, feloniously and fraudulently combine, conspire and agree with the said David L. Desha to arrange and present to the circuit court of the first judicial circuit, Territory of Hawaii, in the event that criminal proceedings should be brought against the said David L. Desha in respect to the matters and things" aforesaid "a false and fraudulent defense for the said David L. Desha in such proceedings"; that on or about June 1, 1928, an indictment was found by the grand jury, charging the respondent and the same eight persons above referred to with the commission of the offenses set forth earlier in the petition; that subsequently two of the eight persons above referred to, to-wit, the said Desha and one Achuck, were brought to trial under the aforesaid indictment, that in the course of the trial the respondent took the witness stand and under oath gave certain testimony on behalf of the Territory and that a correct transcript of said testimony was attached to the petition in the present proceeding and made a part thereof; and that in the testimony given by the respondent in said criminal case the respondent "admitted under oath that he has committed each, every and all of the acts hereinabove mentioned and charged" in the earlier paragraphs of the petition.

A written answer was not filed by the respondent, but in open court he stated that he had read the petition of the attorney general and that he admits that each and all of its allegations are true. After making this express admission, the respondent called to the stand two witnesses. One of these was Mr. Charles S. Davis, attorney of the City and County of Honolulu, and the other was the Honorable Harry Steiner, who is now and for some years past has been district magistrate of Honolulu. From their testimony it appeared that for a period of time the respondent acted as prosecuting attorney of the

city and county in the district court of Honolulu. Both witnesses testified that at no time had they observed any unethical conduct on the part of the respondent while he was serving either as prosecuting officer or as an attorney for individual clients. In addition, Mr. Davis testified that about the middle of August, 1927, he received information from persons other than the respondent relating to the conspiracies referred to in the present petition and that he thereupon instituted an investigation of the sheriff's conduct in the matter; that from the middle of August, 1927, until the beginning of March, 1928, he did not know that the respondent, as deputy sheriff under Sheriff Desha, was involved in the conspiracies; that he first obtained information as to the respondent's connection with the conspiracies from the respondent himself in the office of the city and county attorney; that it was in March, 1928, that he first received this information from the respondent; that in his opinion the testimony which the respondent "furnished the Territory" was "a great help in the prosecution of this case" (meaning the criminal charge of conspiracy) "and in exposing these grafters" and that the "services" of the respondent in testifying for the Territory were "for the public good"; that he had applied to the governor of the Territory for a pardon for the respondent and that no action has as yet been taken upon that application.

One of the statutory prerequisites to admission to the bar of the district courts, as well as to admission to the higher courts, is that the applicant be a person "of good moral character". R. L. 1925, Secs. 2315, 2304. If after his admission to the bar the attorney is found to be no longer a person of good moral character and unworthy of the confidence of his clients, the license theretofore granted must be canceled. Disbarment must follow any serious misconduct showing either that an attorney has lost what

was once a good moral character or that he has not at any time possessed one. "A good moral character is one of the essential requisites to admission to the bar in this state", as it is also in Hawaii, "and the tenure of office thereby conferred is during good behavior; and when it appears, upon full investigation, that an attorney has forfeited his 'good moral character' and has by his conduct shown himself unworthy of his office, it becomes the duty of the court to revoke the authority it gave him upon his admission. It is a duty they owe to themselves, the bar and the public, to see that a power which may be wielded for good or for evil is not entrusted to incompetent or dishonest hands". *People* v. *Keegan,* 18 Colo. 237, 239, adopted as a correct statement of the law in this jurisdiction in the case entitled *In Re French,* 28 Haw. 47, 61. To the same effect are 3 A. & E. Ency. L. 302 and 6 C. J. 583, 584.

In the present instance the charges are specifically set forth in the petition of the attorney general and the respondent's misconduct is disclosed in even greater detail in the transcript of the testimony which he gave before a jury in the trial of ex-Sheriff Desha and Achuck. Without qualification, the respondent has expressly admitted in this court in this proceeding for disbarment that all of the allegations of the petition are true and that the transcript correctly reports his testimony at the trial before the jury. The facts, therefore, are not in dispute. They are that the respondent, early in September, 1927, deliberately entered into a conspiracy to bribe the sheriff and the county attorney to protect gamblers, prostitutes, bootleggers and other violators of the prohibition laws so that offenders of these classes might all continue their violations of the law free from arrest and prosecution; that, being at the time a deputy sheriff, he entered into a conspiracy to receive portions of these bribe moneys;

that he actually received and accepted the sum of one thousand dollars as an installment of the bribe moneys coming to him under the unlawful arrangements provided for by the conspirators; and that he aided in concocting and conspired to present to the courts a false defense on behalf of the sheriff, one of his co-conspirators, in the event that the latter should be prosecuted for his connection with the conspiracy. This conduct on the part of the respondent clearly evinces a want of good moral character and the possession of a character of such a nature that neither clients nor courts can repose in him that degree of confidence which ought to be reposed in worthy members of the bar.

The contention of the respondent, advanced in closing argument, that the good which he did to the public by testifying before the grand jury which found the indictment against the sheriff and others and by testifying at the trial of the sheriff and Achuck under that indictment "counterbalanced or more than counterbalanced" the wrong of which he was guilty in entering into the conspiracy, cannot be sustained. Courts cannot adopt any such doctrine. Such a giving of testimony on behalf of the public does not indicate with any degree of certainty that the character which permitted the respondent to enter into the conspiracies to give and receive bribes and to pervert the course of justice and to concoct and present false defenses in court had completely changed for the better in the interim between the date of the misconduct and the date of the confession. In view of the fact that all of six months elapsed between the respondent's entering into the conspiracy and his confession to the county attorney, that during all of that period he maintained secrecy as to the conspiracies and that he did not disclose his participation in them until after the county attorney commenced an investigation into the

subject, a finding would not be justified that the confession was caused by true repentance rather than by a desire to avoid punishment in the criminal courts.

A decree disbarring the respondent will be signed upon presentation.

*H. R. Hewitt,* Attorney General, in support of the information.

*C. L. Roberts,* respondent, in person.